United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. INDIVERI,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD MACK, et al.,<br><br>Defendants. | Case No. 17-00595 BLF (PR)<br><br>**ORDER OF SERVICE ON DEFENDANT D. DO-WILLIAMS** |

Plaintiff, a California state prisoner, proceeding *pro se*, filed a second amended civil rights complaint ("SAC") pursuant to 42 U.S.C. § 1983 against medical personnel at the Salinas Valley State Prison ("SVSP") and the medical appeals office. (Docket No. 38.) On August 9, 2018, the Court screened the SAC and directed the Clerk of the Court to mail service documents to Defendants Ellen Greenman, MD, and Kathryn Graham at SVSP. (Docket No. 47.) The Court also provided Plaintiff a final opportunity to provide the Court with more information for Defendant D. Do-Williams.[1] (*Id*.) On August 30, 2018,

---

[1] Defendant D. Do-Williams was a party to Plaintiff's original and first amended complaints, (Docket Nos. 1, 18), and had previously been issued an order of service at SVSP. (Docket No. 6.) The Litigation Coordinator of SVSP sent a letter to the Court stating that Defendant D. Do-Williams had transferred to California Health Care Facility ("CHCF") in Stockton. (Docket No. 15.) The Court's attempt to serve the matter on Defendant Do-Williams at CHCF was unsuccessful. (*See* Docket Nos. 16, 25.)

Plaintiff filed a notice in response to the Court's August 9, 2018 Order, providing two addresses. (Docket No. 52.) The first address provided, P.O. Box 1315, Galt, CA 95632, is the address of record with the Medical Board of California. (*Id.,* Ex. A.) The second address, 7707 Austin Road, Stockton, CA 95215, is listed as a place of practice. (*Id.,* Ex. B.) Based on the information provided, the Court will order the matter served on Defendant D. Do-Williams at the address provided as her place of practice.

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second amended complaint, (Docket No. 38), all attachments thereto, a copy of the Court's August 9, 2018 Order, (Docket No. 47), and a copy of this order upon **Defendant Dr. D. Do-Williams** at **7707 Auston Rd. Stockton, CA 95215**. The Clerk shall also mail a copy of this Order to Plaintiff and counsel for Defendants who have already appeared in this action.

2. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver

form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** from the date Defendant's motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See*

3

*Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendant *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. Plaintiff has filed a motion for summary judgment and supporting papers. (Docket Nos. 41-44.) Defendant's opposition to the motion shall be filed **twenty-eight (28) days** from the date this order is filed. Plaintiff's reply shall be filed no later than **fourteen (14) days** after Defendants' opposition is filed.

7. The above motions shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motions unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: 9/18/2018

BETH LABSON FREEMAN
United States District Judge

Order of Service on Def. D. Do-Williams
PRO-SE\HRL\CR.17\00595Indiveri_serve-DoWilliams

4